IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ING USA ANNUITY AND LIFE
INSURANCE COMPANY, et al.,

   Plaintiffs,

     v.

J.P. MORGAN SECURITIES, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-1748-TWT

ORDER

This is a securities fraud action. It is before the Court on the Plaintiffs' Motion to Remand [Doc. 9]. For the reasons set forth below, the motion is GRANTED.

I. Introduction

The Plaintiffs are affiliated financial services companies. Plaintiff ING-USA is incorporated in the state of Iowa. Plaintiff ING-IM is a Delaware limited liability company. ING-IM's sole member is Lion Connecticut Holdings, Inc., a Connecticut corporation. The Defendant J.P. Morgan is also in the financial services industry and is a Delaware corporation. Defendant Barry is a resident of Australia. The Plaintiffs initially filed suit in the Superior Court of Fulton County, Georgia, on May 22, 2007. In the Complaint, the Plaintiffs described Plaintiff ING-IM as a "Delaware limited

liability company with its principal place of business in Atlanta, Georgia." (Comp. ¶ 9). On June 21, 2007, the Defendants removed this action to the Northern District of Georgia. "The Notice of Removal was premised on the contention that ING-IM had been fraudulently joined to defeat diversity jurisdiction." (Def.s' Br. in Opp'n to Pls.' Mot. to Remand, at 4). The Plaintiffs moved to remand the action, arguing that complete diversity was lacking because the Plaintiff ING-IM and the Defendant J.P. Morgan were both citizens of Delaware. Judge Cooper agreed, remanding the case back to state court because compete diversity of citizenship appeared to be lacking. ING-USA Annuity & Life Ins. Co. v. J.P. Morgan Securities, Inc., No. 07-1459, slip op. at 3 (N.D. Ga. 2007).

Thereafter, the Plaintiffs filed an Amended Complaint on November 29, 2007. The allegations of the Amended Complaint did not differ from the original Complaint with regard to the parties, jurisdiction, and venue. On January 9, 2008, the Defendants moved to dismiss on the grounds that ING-IM had "no standing to assert the fraud, negligence and RICO claims in this case." (Pls.' Mot. to Remand, Ex. C, at 3). In their briefing on the motion to dismiss, the Defendants admitted that, if ING-IM's claims survived, the Defendants' efforts to remove the case would be prejudiced:

> ING-IM argues that there will be no prejudice if ING-IM is permitted to remain in the case. Not so. J.P. Morgan Securities Inc. has a year from the filing of this case to remove the action to federal court. If ING-IM is dismissed from this case now, the matter will once more be removable;

allowing ING-IM to remain in the case will frustrate that potential removal.

(Pls.' Mot. to Remand, Ex. C, at 7) (citations omitted). The Defendants' motion to dismiss was denied on April 16, 2008.

On April 28, 2008, the Plaintiff ING-IM informed the Defendants, through its supplemental responses to interrogatories, that its sole member was Lion Connecticut Holdings. (Def's. Br. in Opp'n to Pls.' Mot. to Remand, Ex. H, 21-22). Up until that point, there is some evidence that all parties assumed that the Plaintiff ING-IM was a citizen of Delaware for purposes of establishing federal jurisdiction. The Defendants maintain that they were never mistaken as to the citizenship of Plaintiff ING-IM. (Def.s' Br. in Opp'n to Pls.' Mot. to Remand, at 12) ("Contrary to Plaintiffs' bald assertions, Defendants neither assumed that ING-IM was a citizen of Delaware nor were mistaken regarding the law."). Whatever the Defendants' understanding of the LLC's citizenship, the Defendants initially argued only that ING-IM was fraudulently joined to defeat diversity jurisdiction. (See, e.g., Rosenwasser Decl. ¶ 5). On May 14, 2008, one week shy of the one-year cut-off date for removal, the Defendants again removed the action to this Court. The Plaintiffs again move to remand.

## II. Standard of Review

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). If the basis for federal jurisdiction is diversity of citizenship, the case goes back to state court if: (1) there is not complete diversity between the parties, Strawbridge v. Curtiss, 3 Cranch 267 (1806); (2) the amount in controversy does not exceed $75,000, 28 U.S.C. § 1332(a)(1); or (3) one of the defendants is a citizen of the state in which the suit was filed, 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1447(b). To successfully remove an action, the defendant must file its notice of removal within thirty days after the defendant receives the complaint or summons. 28 U.S.C. § 1446(b). If a case is not initially removable, a defendant may file a notice of removal within thirty days after receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one in which is or has become removable." Id. The initial notice of removal must include all grounds for removal or they are waived. 28 U.S.C. § 1446(c)(2). The defendant's burden of removal is a heavy one. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1381 (11th Cir. 1998). Removal statutes are to be interpreted narrowly with any doubts construed against removal jurisdiction. See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

III. Discussion

The Plaintiffs argue that the case should be remanded to state court because the Defendants' removal was untimely under 28 U.S.C. § 1446(b). The Defendants maintain that removal is proper because they filed for removal within thirty days after they received an "other paper from which it may first be ascertained that the case is one which is. . . removable" under 28 U.S.C. § 1446(b). According to the Defendants, it was only ascertainable that complete diversity of jurisdiction existed when the Plaintiffs disclosed that Plaintiff ING-IM's sole member was a Connecticut corporation.

Generally, courts in this circuit have held that a plaintiff's failure to allege citizenship in the initial complaint does not prevent commencement of the thirty day period for removal. See Bankston v. Illinois National Insurance Co., 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006) (citing Kuhn v. Brunswick Corp., 871 F. Supp. 1444, 1446 (N.D. Ga. 1994)). The consensus of the district courts in this circuit seems to be that a defendant must be able to "intelligently ascertain" removability from the face of the complaint in order for the thirty day statutory limitation period to begin. Kuhn, 871 F. Supp. at 1446 (citing Perimeter Lighting, Inc. v. Karlton, 456 F. Supp. 355, 358 (N.D. Ga. 1978)). In plainer language, courts hold that the initial pleading must provide "at least a clue as to the plaintiff's citizenship." Id. At the same time,

defendants are discouraged from "guessing" about removability. Mendez v. Central Garden & Pet Co., 307 F. Supp. 2d 1215, 1221 (M. D. Ala. 2003). Nevertheless, when a party's citizenship is indeterminate, "the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." Kuhn, 871 F. Supp. at 1446.

The Plaintiffs argue that the Defendants received a sufficient clue about the Plaintiff ING-IM's citizenship in the Complaint, because ING-IM was identified as a limited liability company. All of the parties now agree that the citizenship of limited liability companies is determined by the citizenship of their members. Therefore, the Plaintiffs argue, it was irrelevant that the Complaint listed ING-IM as Delaware LLC, because the Defendants should have immediately inquired into the citizenship of the LLC members. The Defendants argue that they could not have intelligently ascertained the citizenship of the Plaintiff ING-IM. They say that it would be irresponsible to guess at its citizenship. One court has held that a defendant should not be required to immediately ascertain removability in the face of "conflicting information." Mendez, 307 F. Supp. 2d at 1220. The Defendants argue that they received such conflicting information consistently from the Plaintiffs. First, the Complaint listed ING-IM as a Delaware LLC, and made no mention that it was a Connecticut citizen. Additionally, the Defendants point to the Plaintiffs' motion to

remand on July 20, 2007. In that motion the Plaintiffs argued that federal jurisdiction was not proper because complete diversity was lacking. Another misleading filing, according to the Defendants, was the July 17, 2007 submission of the joint certificate of interested parties, which neglected to identify the Connecticut owner. (Malko Decl., Ex. F).

The Defendants' reasoning is problematic. First, as noted, the failure of plaintiffs to disclose the citizenship of parties does not toll the thirty day limitations period. See Kuhn, 871 F. Supp. at 1446; Bankston, 443 F. Supp. 2d at 1381. The information that the Plaintiffs did disclose in the Complaint was factually accurate, even if incomplete. ING-IM was organized under the laws of Delaware. Second, even if the Plaintiffs did misrepresent (albeit honestly) ING-IM's citizenship in its motion to remand or the joint certificate of interested parties, the motion to remand was made after the thirty day limitations period of § 1446(b). By that time, the Defendants had already alleged that there was diversity jurisdiction on the sole grounds that ING-IM had been fraudulently joined. Therefore, the alleged "conflicting information" could not have mislead the Defendants within the thirty day limitations period.

Even without the misstatements by the Plaintiffs, the Defendants argue, there was no information to ascertain ING-IM's citizenship. However, the "clue" that the

Plaintiff was a limited liability company should have prompted the Defendants to investigate further. The examination of public filings should be part of a reasonable inquiry into citizenship of an LLC. In this case, the Plaintiffs have submitted an SEC filing from 2003, which lists ING-IM's sole owner. (Malko Decl. ¶ 13; Id., Ex. E). In Bankston v. Illinois National Insurance Co., the court held that the existence of court records should factor into whether a defendant had conducted a reasonably diligent search. Id. at 1382 (finding defendant had not conducted a diligent investigation into removability). Granted, the defendant in Bankston had other clues, including actual knowledge of the court filings suggesting diversity jurisdiction. Id. But the principle holds that the Defendants should satisfy their burden by examining public filings concerning citizenship.

The Defendants protest that the SEC filings should be granted minimal relevance because they date from 2003, and not of more recent vintage. However, the Defendants need but a clue as to a plaintiff's citizenship. The existence of the public filings of the citizenship of ING-IM differentiate this case from others finding removal to be timely. For instance, in Mendez the court found that conflicting information submitted by the plaintiffs tolled the limitation period. The plaintiffs in that case were all individuals. Mendez, 307 F. Supp. 2d at 1220. It was, the court admitted, "not an ordinary case" because some of the plaintiffs provided multiple addresses and

otherwise conflicting evidence of citizenship. Id. This case, however, is between multiple sophisticated organizations. Evidence of ING-IM's citizenship may well have been "buried in an SEC filing." (Def.s' Br. in Opp'n to Def.'s Mot. to Remand, at 15). Yet, that is a place in the public record logically ripe for examination. Although the Plaintiffs claim to have exercised some diligence - such as inquiring with the Secretary of State of Delaware - this was not enough to discharge their burden to "scrutinize the case and remove it in a timely fashion." Kuhn, 871 F. Supp. at 1446. It appears that the Defendants merely assumed that ING-IM's owner was a Delaware citizen (or that LLC citizenship is determined by where it is organized). The Court does not feel that holding a sophisticated defendant to perusing public SEC filings about the Plaintiff to be an unreasonable burden. This is particularly true where the Defendants had already made the decision to remove the case. A higher standard of diligence must be imposed where there is another ground for removal that could be – but was not – asserted. That higher burden must be imposed to prevent serial attempts to remove the same case and the consequent waste of judicial time and resources. Finally, the Court must be mindful that doubts should be construed against diversity jurisdiction. The Defendants' removal was untimely.

The Plaintiffs move for attorney fees under 28 U.S.C. § 1447(c). "[A]ttorney's fees should not be awarded under § 1447(c) when the removing party has an

objectively reasonable basis for removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005). Fees are not appropriate in this case. First, there is evidence of genuine confusion by the parties about the citizenship of ING-IM. Growing out of this, the Plaintiffs did consistently represent that there was not complete diversity of citizenship. Although it appears that these were honest misstatements, they were misstatements nonetheless. Arguably, then, the Plaintiffs submitted the conflicting evidence that tolls the limitation period as discussed in <u>Mendez</u>. While the Court does not agree with the merits of the Defendants' removal, I find there was an objectively reasonable basis for removal.

## IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion to Remand [Doc. 9] is GRANTED.

SO ORDERED, this 30 day of September, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge